**FILED**
**FEBRUARY 8, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 841**

| | | |
|---|---|---|
| DR. HANSEL M. DEBARTOLO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| CATERPILLAR, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**JUDGE GUZMAN**
**MAGISTRATE JUDGE COLE**

**COMPLAINT AT LAW**

Now comes the Plaintiff, DR. HANSEL M. DEBARTOLO ("DeBartolo"), by and through his attorney, THE LAW OFFICES OF STUART P. KRAUSKOPF P.C., and complains of Defendant, CATERPILLAR, INC. ("Mutual Group"), as follows:

**I. PRELIMINARY STATEMENT**

Plaintiff brings this action to recover damages under the provisions of the Employment Retirement Income Security Act ("ERISA"), U.S.C. § 1132(a)(1)(B) and with respect to various other claims.

**II. THE PARTIES**

1. Plaintiff is a physician licensed to practice in the State of Illinois and maintains a medical practice at 11 DeBartolo Drive, Sugar Grove, Illinois.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant, Mutual Group, maintains, or maintained, a medical benefit plan ("Plan") and exercises, or exercised, discretionary authority or control respecting the management of disposition of the assets, or has or had discretionary authority or responsibility in the administration of said Plan.

1

3. Plaintiff is informed and believes, and based thereon alleges, that the Plan is an Employee Welfare Benefit Plan covered by ERISA.

## III. JURISDICTION

4. Jurisdiction over Plaintiff's claims is conferred on this Court pursuant to 29 U.S.C. 1001 <u>et. seq</u>. and the doctrine of supplemental jurisdiction.

## IV. VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391(a) and (c).

## V. ALLEGATIONS

### COUNT I: VIOLATION OF ERISA: FAILURE TO PAY BENEFITS

6. Plaintiff restates and realleges the allegations contained in Paragraphs One through Five, inclusive and as this Paragraph Six, and incorporates each by reference as though each had been fully set forth herein.

7. Prior to rendering treatment to one of Plaintiff's patients, Juana Perez ("Perez"), Plaintiff contacted Mutual Group for the purpose of verifying that Perez was covered under the Plan. Mutual Group verified such coverage.

8. Perez thereupon assigned her rights to benefit payments under the Plan with respect to Plaintiff in consideration of which Plaintiff furnished medical treatment to Perez (the "Assignment"). A true and correct copy of Perez' assignment is attached hereto and incorporated herein as Exhibit A.

9. Mutual Group also acknowledged the assignment made by Perez by forwarding partial payments to Plaintiff for some of the medical services furnished by Plaintiff to Perez. However, Mutual Group denied the remaining claims made for treatment furnished to Perez under the Plan.

2

10. The balance of the benefit payments due Plaintiff under the Plan with respect to medical services furnished to Perez by Plaintiff totals $32,236.40 which the Mutual Group has failed and refused to pay to Plaintiff.

11. The failure and refusal on the part of the Defendant to pay such amount to Plaintiff is contrary to the terms of the Plan and contrary to law.

12. As a direct and proximate result to the failure of the Defendant to pay such amount to Plaintiff, Plaintiff has been deprived of the benefit of such money and will continue to be so deprived in the future.

13. As a further direct and proximate result of the failure of the Defendant to pay such amount to Plaintiff, Plaintiff has been required to incur attorneys fees and costs to pursue this action, and is entitled to have such fees and costs paid by the Mutual Group pursuant to 29 U.S.C. 1132(g)(1).

14. Plaintiff is informed and believes, and based thereon alleges, that the refusal to cause the Plan to pay said benefits to Plaintiff was, and is in bad faith; that the Mutual Group is able to satisfy an award of attorneys fees; that an award of such fees would deter the Defendant and others from acting similarly under like circumstances; and that Plaintiff's claims is meritorious.

**WHEREFORE**, Plaintiff prays for relief against Mutual Group as follows:

A. A judgment that Plaintiff is entitled to $32,326.40 under the Plan;

B. An order directing the Defendant to pay all benefits assigned to Plaintiff by Perez, together with interest thereon at the legal rate on such payments from the date such payments were due to be paid until the date such benefits are paid;

C.   Judgment in Plaintiff's favor, directing Defendant to pay Plaintiff punitive damages for Mutual Group's malicious and reckless indifference to Plaintiff's rights;

D.   Judgment in Plaintiff's favor awarding Plaintiff the costs of this action together with attorney's fees and litigation expenses;

E.   Judgment in Plaintiff's favor awarding Plaintiff full legal and equitable relief under ERISA; and

F.   Judgment in Plaintiff's favor awarding such other and further relief as may be deemed just necessary to this Honorable Court.

## COUNT II: **FAILURE TO PROVIDE INFORMATION**

15.   Plaintiff restates and realleges the allegations contained in Paragraphs One through Fourteen, inclusive, as this Paragraph Fifteen, and incorporates each by reference as though each had been fully set forth herein.

16.   On or about June 20, 2002, Plaintiff requested of Mutual Group, in writing, to furnish Plaintiff with information regarding the Plan pursuant to 29 USC § 1132 (c). A copy of said request is attached hereto and incorporated herein by this reference as Exhibit B.

18.   Defendant only responded to the aforesaid request or to furnish any information of the type requested to Plaintiff on March 8, 2007, failing or refusing to take action between June 20, 2002 – March 8, 2007.

19.   Pursuant to 29 USC § 1132 (c)(1), a plan administrator is subject to fines if the plan administrator violates 29 USC § 1024 (b)(4), which requires that:

> the administrator shall, upon request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instrument under which the plan is

4

established or operated.

20. Plaintiff is informed and believes, and based thereon alleges, that he has standing to sue under 29 USC § 1132 (c)(1), by virtue of the assignment of benefits he has entered into with Perez.

**WHEREFORE,** Plaintiff prays for relief against Defendant as follows:

A. That Defendants be directed and ordered to pay to Plaintiff a discretionary award of $115 per day for each day from June 20, 2002 through March 8, 2007, the period during which Defendants failed to or refused to furnish such information to Plaintiff;

B. Judgment in Plaintiff's favor awarding Plaintiff the costs of this action together with attorney's fees and litigation expenses;

C. Judgment in Plaintiff's favor awarding Plaintiff full legal and equitable relief under ERISA; and

D. Judgment in Plaintiff's favor awarding such other and further relief as may be deemed just and necessary to this Honorable Court.

Pursuant to Federal Rule 38(b), Plaintiff demands trial by jury

Respectfully submitted,

s/ Stuart P. Krauskopf
Stuart P. Krauskopf

Stuart P. Krauskopf
Lindsay Malitz
Michael A. Schnitzer
The Law Offices of Stuart P. Krauskopf, P.C.
30 North LaSalle Street, Suite 3124
Chicago, Illinois 60602
312-377-9592
Atty. No. 41590

# EXHIBIT A

DATE: 4-28-98

NAME: Juana Perez

I assign my medical benefits and rights from Caterpillar

to Dr. H.M. DeBartolo Jr., for services rendered.

X _____
Signature of Insured

# EXHIBIT B

**HANSEL M. DEBARTOLO, JR., M.D., J.D.**
11 DeBartolo Drive
Sugar Grove, Illinois 60554
630-859-1818
Fax: 630-859-1830

June 20, 2002

Caterpillar Inc.
100 NE Adams St.
Peoria, IL 61629

    RE. Juanna Perez
    SS#: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

Dear Plan Administrator,

I am requesting a copy of all pertinent insurance documents so that I might determine for myself what should be properly covered.

Sincerely,

*[signature]*
DeBartolo Clinic

Dr. H. M. DeBartolo Jr., M.D., J.D.